Ms. Alana Merritt 313 Gardner Street Hot Springs, AR 71913
Dear Ms. Merritt:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 2002 Supp. 2005). Specifically, you report having requested directly and through counsel that the Morning Star Volunteer Fire Department (the "Department") provide you all of your personnel and disciplinary records maintained in the course of your employment with the Department.
For purposes of my analysis, I will assume that the Department is at least partially supported with public funds[1] and is further performing what are essentially governmental functions, thus rendering it subject to the FOIA. As I noted in the attached Ark. Op. Att'y Gen. No.2005-067:
 [A] volunteer fire department that is partially funded by public funds, provides a service that is traditionally the purview of the government, and is intertwined with the activities of the government in protecting the health and safety of the citizenry is subject to the provisions of the Freedom of Information Act. . . .
In Opinion No. 2005-067, I analyzed in detail the conditions that will render a volunteer fire department subject to the FOIA. I will not repeat this analysis here.
Based upon the assumption that the FOIA applies, in my opinion, all of these records are subject to disclosure. Subsection 25-19-105(c)(2) unequivocally provides:
 Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
Based upon this provision, I believe the custodian of records should release to you or your counsel all of the documents you have requested.
Notwithstanding the fact that you are entitled to receive copies of your personnel and evaluation records, the possibility exists that some of the information contained in those records will not be subject to disclosure and hence should be redacted by the custodian. Certain types of information should invariably be redacted from a record prior to its release. For example, the custodian should redact any social security numbers other than your own contained in documents released to you. See,e.g., Ark. Ops. Att'y Gen. Nos. 2004-212 and 99-011, citing5 U.S.C. § 552a (the "Federal Privacy Act"). The custodian should likewise redact third parties' unlisted telephone numbers. See, e.g., Op. Att'y Gen. No. 99-054. More generally, where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number should be redacted as well. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos. 2001-123; 99-054. Furthermore, the home addresses of nonelected municipal, county and state employees are exempt from disclosure pursuant to A.C.A. §25-19-105(b)(13). Some records may also contain references to other employees, in which case the custodian will need to determine whether these references are independently exempt from disclosure under the standards applicable to personnel records or employee evaluation/job performance records of the referenced co-workers. Personnel records are exempt from disclosure under the FOIA if their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A §25-19-105(b)(12). Employee evaluation/job performance records are subject to disclosure only if there has been a "final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. §25-19-105(c)(1).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] In Ark. Op. Att'y Gen. No. 2000-167, which also addressed the status of volunteer fire departments, one of my predecessors offered the following analysis of what sources of financing might comprise "public funds":
 The term "public funds" is regularly used without definition in the Code. "Public funds" is variably defined at A.C.A. §§ 6-85-105, 19-8-101, 19-8-202 and 19-11-203(20). The least specialized of these definitions appears at A.C.A. § 19-8-101, under the general provisions of the chapter captioned "Depositories for Public Funds": "As used in §§ 19-8-101—19-8-107, unless the context otherwise requires, `public funds' or `funds' means any and all kinds of funds handled by treasurers, collectors, commissioners, sheriffs, and clerks." Possibly more expansive is the definition set forth at A.C.A. § 19-8-202, contained in the subchapter captioned "Securities for Deposits":
 As used in this subchapter, "public funds" means, but shall not be limited to, funds of:
 (1) The State of Arkansas, or any agency, department, board, commission, or instrumentality thereof;
 (2) Any political subdivision of the State of Arkansas, or any agency thereof,
(3) Any school board or school district;
(4) Any improvement or other taxing or assessing district; and
 (5) Any public corporation or authority created by or recognized by the State of Arkansas, or any political subdivision thereof.
 Apparently more narrow is the definition set forth at A.C.A. § 19-11-203(20), contained within the Arkansas Purchasing Law:
 "Public funds" means all state-appropriated and cash funds of state agencies, as defined by applicable law or official ruling. Public funds for purposes of this subchapter shall not include funds administered by, or under the control of, agencies, except public funds. Without necessarily being limited thereto, it does not include grants, donations, research contracts, and revenues derived from self-supporting enterprises which are not operated as a primary function of the agency, no part of which funds are deposited in the State Treasury.
 The term is not defined in the Fire Prevention Act, A.C.A. § 12-13-101 et seq., which simply defines "members of fire departments" as including "the personnel of all departments supported wholly or partially by public funds."